Good morning, Your Honors. Kathryn Young from the Federal Public Defender's Office for Appellant Cedric Wilson. Mr. Wilson contains the district court erred in finding that he had custody or control of a firearm. This finding was based upon stipulated facts that the party stipulated to in lieu of an evidentiary hearing. Those facts were as follows. That LAPD officers responded to a report of a man brandishing a firearm. When they pulled over Defendant's GMC Yukon, it was being driven by Defendant's girlfriend and Defendant was riding in the passenger seat. Officers recovered a loaded .32 caliber revolver which had been wrapped in a handkerchief and placed inside the driver's door underneath the control panel. The police also recovered a spent .32 caliber shell casing from the map pocket on the front passenger's door. The parties further stipulated that Defendant did not match the description of the man who was reported to have brandished a firearm. The applicable standard under Ninth Circuit precedent is that a ---- Oh, stop, stop. Sorry. Is there anything in the stipulation that says the Court will consider no other fact or no other evidence? No, Your Honor. There is none. So why are we excluded from and why was the district court precluded from considering anything else? Well, we contend, Your Honor, that this was a negotiated stipulation in lieu of an evidentiary hearing. These were the facts the parties felt after investigation, after discovery, after interviewing witnesses, that they could support, that would withstand scrutiny, the testimony would support. And so the district court not only considered these stipulated facts that both parties agreed to, but then took additional facts from the record which supported the prosecution, which the defense objected to. And there's nothing in the stipulation that precluded that, is there? There's nothing specifically in the stipulation, no, Your Honor. So why can't he do that? Well, I think it was the import of the stipulation and the defense objected to it because there were facts. And the court recited. I mean, the trial judge said he made specific reference. Both sides can have agreed that I can read the report. Nobody objected. Why is the judge supposed to assume that this document intends to tie his hands when it doesn't say that? Well, I think that that statement was made, I could be wrong, but I think that statement was made prior to the stipulation that was in lieu of the evidentiary hearing. So? He's announced to the world he's planning to read the report and nobody's disagreed. The stipulation doesn't say anything that limits his ability to read the report, so why should he assume that he can't consider the report? Well, because when the government tried to introduce extra stipulation facts, the defense counsel objected. So that's not part of the stipulated record. So I think that's the case. That doesn't answer my question. No, I'm sorry, Your Honor. He's already told everybody that, at least at that time, both parties have agreed he can read the report. A stipulation comes in that stipulates a certain fact that says nothing about considering the police report. Why is he supposed to infer from stipulation that's silent on the subject that he can't consider something else? Well, I think originally when the district court said it was going to consider the report, the district court objected, said, you know, I'm not going to give certain weight to things because they were hearsay. And at that point, the prosecutor said, well, in that case, I want to put on witnesses, because the district court said even though it was going to read the report, it was not going to consider or give weight to hearsay testimony. The prosecutor then said, well, then I'll put on witnesses. Subsequently, in lieu of the prosecutor submitting witnesses to back up the things that were in the arrest report, the parties stipulated to this testimony. And I think that you're right, Your Honor, that it doesn't say that it's exclusive, but defense counsel did object the minute the government tried to introduce evidence in support of its claim that was not in the stipulation. Because there was evidence also submitted in the opening brief that supported the defense position that was not argued because the defense counsel believed that this stipulation was the entire record in lieu of an evidentiary hearing. In other words, this was in lieu of other evidence that the prosecutor had. So what are you relying on for that point? I'm not quite sure I understand. What you're telling us is that both parties stipulated that the entire record would be the stipulation, and that binds the court? Does that affect what you're saying? Yes, I think, Your Honor. It was entitled stipulation in lieu of evidentiary hearing. Because what happened was the prosecutor at the one hearing, the prosecutor submitted the arrest report. Okay. But I guess I'm stuck on the question that Judge Clifton has asked, which is a very good question. And that is, what was there in this record to prevent the district court from looking at the police report, which was not part of the stipulation? Your Honor, you're correct that the stipulation does not say it's exclusive. Our position would be that there was to be an evidentiary hearing at which evidence was submitted, and this was entitled stipulation in lieu of evidentiary hearing. So this was, in fact, in lieu of evidence. This was the evidence that was submitted in lieu of having a hearing. And so it was clearly the defense position that it was exclusive because the prosecutor If I can interject, this might help at least focus us a little more narrowly.  I'm looking at ER 13. This is the district judge speaking after there's been a back and forth between the defense attorney and the prosecution in terms of whether or not the panel was loose, was part of the stipulation or whatever. This is now Judge Collins speaking. She says, this case, of course, has been submitted on stipulated facts. It is true that the government has also placed before the court the arrest report, but, of course, I initially said I was not going to decide it based on hearsay of the arrest report. The government could have, perhaps, insisted on more complete facts in the stipulation or, of course, brought in the officers. About, I think, even the stipulation, there are facts that reasonably can be pulled out from this. For example, in number one, that's the number one stipulation, it says that when they pulled over the defendant's Yukon, well, obviously, there's a reason. I see it reasonable for the court to look at the arrest report to see why they pulled over the Yukon. So at least I get from this that the district judge feels herself, to some degree, bound and restricted by the stipulation. But then she says, well, but as to stipulation one, maybe I can look in the arrest report to see why they pulled it over. I mean, the district judge is kind of saying, yeah, I'm bound by the stipulation, but not quite. At least that's how I would interpret what I just read. Now, I understand, Your Honor, and I agree that it would have been better, possibly, if there had been a stipulation in the stipulation that it was exclusive. But I think that there is the fact that it is in lieu of an evidentiary hearing indicates that it was intended by, at least certainly the defense counsel believed that it was because he objected to consideration of any other facts. But there was no objection. Well, when the government tried to introduce a comment about a loose panel or an altered panel, the defense counsel said that's not part of the record. That's not part of the stipulated facts and objected to consideration. Well, he objected to that particular aspect, but there was no objection to the consideration of the police report. Well, I think that he was intended to preserve his objection by stating this is the stipulated facts are or do not include that particular element. And what page in the record should we look at to validate that point? Your Honor, I don't have, I'll have to look through the, it's in the afternoon brief, I'm sure, but I don't have the citation of the record. Okay. You might want to reserve the remainder of your time. I will, Your Honor. Very well. Thank you very much. And you can tell us then. Thank you. We'll hear from the government. Good morning, Your Honors. Thank you very much for the government. Here, the unstipulated facts that the district court considered to a limited degree were first, that the person, the witness observed brandishing a firearm got into the defendant's car, and second, that the control panel over which the secreted pistol was found was loose. But that was objected to. You just heard counsel mention that. Well, not exactly, Your Honor. First, he didn't say objection. He just said that's not in the stipulation. Sounds like an objection to me. It is certainly true that he didn't want the court to consider it, and it's certainly true that it was not in the stipulation. But the parties had previously expressly and jointly offered the arrest report to the court. I wanted to get back to a point that, Judge. Where will you find that? I'm not quite sure I understand that argument in light of the argument you made here. Okay. That's at ER 119. And I'll just read the quotes from the court. I have been handed for the record a copy of the arrest report, and counsel for both sides have agreed that I can read the report. Okay. And there's no objection made to that statement? No. But at what point did this occur? That was at the first hearing. So she then says, in the passage I just read to you, that they said we're not going to look at that hearsay because we're not going to have an evidentiary here and we're going to have the stipulation instead. Well, and that's the point that I wanted to address, Your Honor. What happened is initially the court said, I'm not going to rely solely on hearsay, and this report is solely hearsay. And then in the quote that you read, the court was explaining why the court had reversed its position, and it had reversed its position for a very sound reason. When you're considering hearsay. Let me ask you this. You're saying the court reversed its position. What evidence beyond what I just read out loud do you have that the court reversed its position? Is there something else beside what I just read? No. Well, that and the fact that the court did, in fact, consider those things. But it considered it in a very narrow way. It says I can pull out a stipulation one, the question as to why they stopped, and I can look in the report for the specific purpose that it's the same license plate. And, Your Honor, that gets to why hearsay is admissible at supervised release for applications and when it's not. If the hearsay is unreliable, then it can't be considered. And if the hearsay is reliable, then it can. So initially, Judge Collins was faced with merely a police report, and she said, I can't really tell if this is reliable. Then the parties stipulated for the essential elements of that police report that the gun was found in his car, that it was hidden underneath the control panel, that there was a shell casing on the other side. And then Judge Collins looks to related facts that are practically necessary based on the stipulation. And then, of course, since the parties ---- Well, you lost me there. Practically necessary. She looks to the police report for an important fact that is not contained in the stipulation. The important fact is that the car that they stopped in which the gun was found and so on has the same license plate, as the police report says, as the license plate of the car which the guy got back into. I don't say that's necessary in the stipulation.  Absolutely, Your Honor. But what I'm saying is she's saying you have stipulated that the police pulled that car over after getting this report. Therefore, I can logically infer that they have the same license plate. Therefore, I'm going to accept that from the arrest report because it is now reliable, since it links into something that the parties have stipulated with 100 percent proof did, in fact, happen. The ---- I'll just read stipulation number one. On November 19, 2009, LAPD officers responded to a report of a man brandishing a firearm. When they pulled over defendant's GMC Yukon, it was being driven by defendant's girlfriend and the defendant was riding in the passenger seat. I guess we could infer a because clause, but because is not written in there, nor is there anything in there that tells us why, after that report, they pulled over this particular Yukon. I mean, as far as I can tell, it would be consistent with this, that they pulled over ten Yukons. I understand, Your Honor, but that's exactly the quote that you read when Judge Collins said, when they pulled over defendant's Yukon, well, obviously, there's a reason, and I see it reasonable for the court to look at the arrest report. Yeah, no, no. I think we're on the same page as to what was in the judge's hand. Okay. Now, the point is ---- What is your best argument on the proposition that the judge was free to go beyond the stipulation? Well, first, Your Honor, there's the general proposition that hearsay evidence is not excluded from supervised release revocations. Rule 1101 dictates when the rules of evidence apply, and it doesn't mention supervised release revocations. Similarly, the whole case, which is cited in the parties' briefs, says you can generally consider hearsay at a supervised release revocation. That's kind of the general background. Right. It's obvious that your opposing counsel is committed to the notion that the stipulation was the entire body of relevant facts and nothing else could be considered. What is it that would overcome that impression? Well, that everyone, and by that I include defense counsel, relied on facts that were beyond the stipulation. The defense counsel made two references to facts that were beyond the stipulation. First, he discussed when the police officers had observed the man brandishing the car ---- excuse me, brandishing the gun getting into the car, and then he relied on the government's proffer, my oral proffer in the district court, about the third man who was seen going into the liquor store. He relied on both of those. So even the defense believed that it was proper to consider facts outside the stipulation. Now, at what point did the defense look at those things outside the stipulation? Was that on the question as to whether or not he actually had constructive control over the firearm, or was that at a different point in the proceedings? It was in the final proceeding, Your Honor, after the stipulation had already been entered into. No, no, you're not quite answering my question. The fight here is over whether or not the district judge should be allowed to go beyond the stipulation in deciding whether or not he had constructive control over the firearm. Once she decides that, then the question is, okay, how long do I incarcerate him? And I'm asking you, at what point does the defendant go into this additional information? Is it after the district judge has decided he had constructive control of the firearm? Before. Before. Where is it in the record, then? Let's see. ER-66, Your Honor, is one of them. And then let me pull out the other one. What line on ER-66? I'm sorry. I'm just. All right. Okay. And then also at page 69, Mr. Diaz, Your Honor, if I may, preponderance still needs to be able to convince that it's more likely than not. We have now, by the government's version of the facts, at least two other people in the car that could have had access to that particular gun, including presumably somebody who might fit the description of the person brandishing. And then at 66, at lines 11 through 16, so the only assumption that the policeman could have drawn at that point to justify what they did was assuming that the person who was brandishing the gun, who was supposedly brandishing the gun, was Mr. Wilson, even if that was not the case. So, Your Honor. That passage is relevant to what? To the discussion about the man brandishing the gun getting into the car, which was one of the facts. And beyond the stipulation. Right. So both the defense, the government, and the court all considered facts that were beyond the stipulation, and that's quite proper. In fact, the defense argument today that somehow the parties could have precluded the court from considering facts is simply false. This is not like a trial. But I don't think that's the argument. I think the argument is that if the defense came in expecting that the district judge would stick to the stipulation, well, I come in in a certain way. If I come in expecting that you're going to go outside the stipulation, I might have prepared a different case with witnesses who might contradict what your witnesses say. I mean, it's not that the district judge can't do it. It's a question of what's the expectation of the defendant coming into court when the defendant at least says, I thought you were going to stick to the stipulation. Well, he certainly never says that he was surprised, and he himself relies on facts outside the stipulation. Well, but as I read the part you just gave me, that was before the district judge doesn't decide the case there. She says, I thought you guys were coming in for a hearing. Now you're telling me there's a stipulation. Now she takes a recess, and they come back together at a later time when she finally makes her decision. Isn't that right? Let me just check the first pages. I thought that that was at the final hearing. I don't think so. Let me just check. March 15, 2010. Well, that's after the stipulation, Your Honor. And then the hearing at which she decides it is three days later on March 18th. Right, because she wanted a briefing on relevant cases. Yeah, yeah. She says, I came in here on 15th. She says, I came here expecting I was going to get testimony out of you guys. And all of a sudden you're showing up with a stipulation. So we'll take a recess, and we'll reconvene, which she does three days later. Right. The defense counsel knew that the stipulation was going to be there when he said those things. He'd already entered into it. Well, there's a little bit of fuzz here. I'm having trouble with it. Okay. And let me – I know that I'm out of time. So I'm just going to raise one last thing I didn't get to, which is that ER-12, the final – the penultimate thing that the government says at the final hearing is, and I'm quoting from line two, the court is certainly entitled to consider hearsay in a hearing such as this. So that information is properly before the court. Then I have one sentence about the description of the defendant. And then the court said – Yes. And then the court says, submitted. And the defense says, yes, Your Honor. So the penultimate sentence – Your point is there was no objection made to that. Exactly. And it's not just that he failed to say, I object on hearsay. I object on due process. I object because it's unreliable. But even when the government expressly states, it's hearsay, you can properly consider it, all he says is, submitted. I think that if there's an argument for waiver, that's it. All right. Thank you, counsel. Thank you, Your Honor. Ms. Young, you have some reserve time. And did you find that reference? Yes, I did. Thank you, Your Honor. According to the opening brief, it was ER-10. I know I misplaced the reference. But at ER-10, the defense counsel objected on the ground that the loose panel and the altered panel were not part of the stipulated facts. Yeah, yeah. How about – this is maybe going to be more important to me. It's very clear that defense counsel objected to the fact that loose panel was not in the stipulation. I don't think there was any objection to the district judge having considered the part of the police report that said it was the same license number. No, I think you're correct about that. The objection that he made was that that was not part of the stipulated facts. He did not reassert the objection when other evidence outside the record was considered. Let me ask you this. In a sense, it goes to harmlessness. Even assuming that the district judge was not going to or should not have gone outside the stipulation to say, look, I can see in the report that it's the same license number. As an officer of the court, I need you to answer me the following question. Were this a hearing at which witnesses were presented, would you contest the fact that the vehicle stopped, as showed up in the police report, had the same license number as the Yukon that belonged to the defendant? Well, Your Honor, this is outside the record, but defense counsel did serve a subpoena for the LAPD records. There was, in fact, a discrepancy in the license plate. The letters were reversed, but it was fairly substantially similar. The letters were reversed. But there were other facts in there that I think defense counsel, that were not in the record that defense counsel might have elicited. I think defense counsel might have felt himself bound by the stipulation and not have elicited additional facts that would have been helpful to the defense. Such as? Well, another fact was that the gun that was initially reported to have been found was reported to be a machine gun, and which is clearly not the same weapon that was found in the car. So, and then there were facts from the driver, the Fatima Reed, the driver of the car, the woman who was driving the car, that this is in the open brief an hour earlier. A friend of hers, Robert Jimenez, had been driving the car, and he allegedly was the one who was found with the weapon. So he was in the driver's side of the car, he had the weapon, and he was the more likely person to have actually put it in the panel had it been altered or loosened. So there were additional facts, I think, that had there not been a stipulation, possibly defense counsel would have felt he could have produced in support of the defense position. What is your response to Mr. Brown's argument that the defense relied on outside of the stipulation facts as well? One of those was in response to a government's argument. So I think he was just responding to the government's argument. And the other one I haven't looked at that closely. But I'll be happy to brief it if the Court wishes to. Now I see my time is up. Conceptually, I'm still puzzled as to how it is the district court is supposed to have had its hands tied by a stipulation entered by the party, which the Court was never asked to sign on to. The Court recognized its existence. But why is it the Court isn't entitled to consider whatever is properly before it? And ordinarily in a revocation hearing like this, it wouldn't be unusual to consider something like the police report that was specifically referenced at the first hearing. How is it the Court is supposed to consider itself bound by whatever the parties decided to do when they showed up for a hearing with no witnesses? Well, I think you're correct, Your Honor. But I think that in the context of this case, there was a police report submitted and the Court said, I'm not going to consider hearsay. So the government said, I want to put on witnesses. And in lieu of the government wanting an evidentiary hearing, this was a stipulation that was submitted. So this was, in my understanding, this was the result of the government and the defense having interviewed witnesses, conducted discovery, reviewed the documents. This was what they thought they could prove. And that's why I feel that it's binding, because then the government produces additional witness, the defense might have produced additional witness on this case to attack the government's evidence, had it not felt that this stipulation was entirely the record that the district court was to consider. I see enough time. Thank you, Your Honor. Very well. The case just argued will be submitted for decision. And we will hear argument next in Gopetz v. Edward Heiss.
judges: O'scannlain, Fletcher W. , Clifton